IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:12-CV-00077** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **B.A. BLEDSOE,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is Petitioner Michael Rinaldi's motion for reconsideration of the court's memorandum and order of April 2, 2012 (Doc. 9), denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 10). For the reasons that follow, the instant motion (Doc. 10) will be denied.

**I.    Background**

Petitioner, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, initiated this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 12, 2012. (Doc. 1.) In his habeas petition, Petitioner alleged that his constitutional rights were violated in the context of a disciplinary proceeding conducted at his former place of confinement, the Federal Correctional Institution at Victorville ("FCI-Victorville) in Angeles, California. Specifically, a Disciplinary Hearing Officer ("DHO"), after a hearing, found Petitioner guilty of charges of Disruptive Conduct (Greatest Severity, most like Rioting) and

Being in an Unauthorized Area, in violation of Sections 199 (most like 105) and 316, respectively, of the Bureau of Prisons' ("BOP") disciplinary code, relating to an incident that occurred on May 30, 2011 at FCI-Victorville.  In his habeas petition, Petitioner claimed that there was insufficient evidence to support the DHO's decision because the DHO did not consider camera footage in making her decision.  After considering the habeas petition and response thereto, the court denied the petition, finding that in light of the evidence presented, there was "some evidence" to support the DHO's decision.  (Doc. 9 at 9.)  Specifically, the court found that the incident report and investigation of the Lieutenant assigned to the case, as well as the statement of Petitioner, both of which provided an account of the incident, confirmed that the DHO acted with a sound evidentiary basis.  (*Id*.) (citing *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)).  In addition, the court determined that Petitioner's other due process rights were not violated in the context of the disciplinary proceedings.  (*See* Doc. 9 at 9-14.)

Consequently, Petitioner has filed the instant motion for reconsideration.  (Doc. 10.)  In his motion, Petitioner again argues that his due process rights were violated when the DHO refused to view the camera footage at the DHO hearing.  After careful review, the court will deny the motion.

**II.    Discussion**

2

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated argument regarding the DHO's failure to view the camera footage does not constitute new evidence that was unavailable when the court determined that there was "some evidence" to support the DHO's decision and that the DHO acted with a sound evidentiary basis. While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

              s/Sylvia H. Rambo
              United States District Judge

Dated: July 18, 2012.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:12-CV-00077** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **B.A. BLEDSOE,** | : | |
| Respondent | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 10) is **DENIED**.

                                                                s/Sylvia H. Rambo
                                                   United States District Judge

Dated: July 18, 2012.